UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FABIO PORFIRIO LOBO,

                 Plaintiff,

-against-

UNITED STATES OF AMERICA,

                 Defendant.

19 Civ. 9982 (LGS)

**ORDER**

LORNA G. SCHOFIELD, United States District Judge:

WHEREAS, Plaintiff requests appointment of *pro bono* counsel in this 28 U.S.C. § 2255 habeas action (Dkt. No. 14);

WHEREAS, the Criminal Justice Act ("CJA") provides, "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). There is no constitutional right to counsel in habeas corpus proceedings. In deciding whether to exercise discretion to request appointment of counsel under the CJA, a court considers the same factors as those applicable in other civil cases. *See Jerez v. Bell*, No. 19 Civ. 2385, 2019 WL 1466899, at *4 (S.D.N.Y. Apr. 2, 2019). Those factors include the likelihood of success on the merits, the complexity of the legal issues and the movant's ability to investigate and present the case. *See Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986). Courts have "broad discretion" in deciding whether appointment of *pro bono* counsel is appropriate. *See id.* at 60. Courts must grant such applications sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989). It is hereby

**ORDERED** that the motion for appointment of pro bono counsel is DENIED, without prejudice to renewal, at a later stage of the case. Having considered the likelihood of success on the merits, the complexity of the legal issues and the movant's ability to investigate and present the case, appointment of *pro bono* counsel is not warranted at this time. The Clerk of Court is respectfully directed to close Dkt. No. 14. Respondent the United States is respectfully directed to mail a copy of this Order to Plaintiff.

Dated: March 25, 2020
      New York, New York

                                      **LORNA G. SCHOFIELD**
                                  **UNITED STATES DISTRICT JUDGE**